IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WICKLIFFE,

    Petitioner,                    No. CIV S-11-2172 GGH P

    vs.

GARY SWARTHOUT, Warden, et al.,

                                  ORDER and
    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second degree murder in 1990 in Los Angeles County Superior Court and sentenced to a term of fifteen years to life with the possibility of parole. Petition, pp. 1, 110.[1] Petitioner challenges the 2010 decision[2] by the California Board of Parole Hearings (BPH) finding him unsuitable for parole at a subsequent parole consideration hearing.

        Petitioner challenges the parole denial on the following grounds: 1) application of

---

[1] The court's electronic pagination is referenced.

[2] Although the hearing was held on October 29, 2009, at which the decision was announced, it did not become final until February 26, 2010. Petition, parole hearing transcript, pp. 108-260.

1

1 Marsy's Law to deny parole for three years violated the Ex Post Facto Clause of the state and

2 federal constitutions; 2) denial violated due process because it was unsupported by any relevant,

3 reliable evidence in the record that petitioner currently poses an unreasonable risk of danger to

4 society and it was arbitrary because the BPH failed to articulate a nexus between the factors cited

5 and the conclusion that petitioner poses a public safety risk.  Petition, pp. 5, 7, 9, 27-41.

6 As to claim 2, on January 24, 2011, the United States Supreme Court in a per

7 curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's

8 application of state law in applying the "some evidence" standard in the parole eligibility habeas

9 context.  Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia,

10 Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas

11 corpus relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth

12 Circuit's holding that California law does create a liberty interest in parole was "a reasonable

13 application of our cases" (while explicitly not reviewing that holding),[3] the Supreme Court

14 stated:

15 > When, however, a State creates a liberty interest, the Due Process
> Clause requires fair procedures for its vindication-and federal
16 > courts will review the application of those constitutionally required
> procedures. In the context of parole, we have held that the
17 > procedures required are minimal.

18 Swarthout v. Cooke, at 862.

---

21 [3] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
22 which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
23 Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
24 banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
25 decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
26 is not bound by Hayward.

Citing Greenholtz,[4] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862.  Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.[5]  A review of the parole hearing transcript reveals that petitioner was allowed both an opportunity to be heard and provided a statement of reasons why parole was denied.  See Petition, parole hearing transcript, pp. 108-260.  Therefore, claim 2 should be dismissed.

With respect to claim 1, there is a separate ground for dismissal of petitioner's ex

---

[4] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

[5]  The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law.

post facto claim, a challenge to the application of Proposition 9[6] to him, resulting in an increased (three-year) deferral period before his next parole suitability hearing, a claim that is not a challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. § 2254.  Although petitioner's ultimate goal is a speedier release from incarceration, the immediate relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in habeas.  Rather this claim is a challenge to the constitutionality of state procedures denying parole eligibility or suitability and could properly proceed pursuant to an action under 42 U.S.C. § 1983.  Skinner v. Switzer, ___U.S.___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction"); id,, citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing....").  Moreover, the High Court in Wilkinson expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain."  Id. at 81, 125 S.Ct. at 1247 [emphasis in original.]   Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement.  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

Moreover, currently, there is a class action proceeding, Gilman v. Fisher, CIV-S-05-0830 LKK GGH,[7] wherein "the procedures used in determining suitability for parole: the

---

[6] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

[7] See Docket # 182 of Case No. 05-CV-0830.

1 factors considered, the explanations given, and the frequency of the hearings" are what is at

2 issue. Id., p. 7 [emphasis in original].  The "frequency of the hearings" is precisely what is at

3 issue in the instant claim.

4         The Gilman class is made up of:

5 California state prisoners who: "(i) have been sentenced to a term
that includes life; (ii) are serving sentences that include the
6 possibility of parole; (iii) are eligible for parole; and (iv) have been
denied parole on one or more occasions."

8 Id., p. 9.[8]

9         Plaintiff, as noted, sentenced to a term of fifteen years to life for second degree

10 murder, fits squarely within the parameters of the Gilman class.[9]  Therefore, claim 1 should be

11 be dismissed.[10]

12         Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

13 case.

14         IT IS HEREBY RECOMMENDED that this petition be dismissed.

15         If petitioner files objections, he shall also address if a certificate of appealability

16 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

17 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

---

[8] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

[9] As a member plaintiff of a class action for equitable relief from prison conditions, petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

[10] The further incongruity of proceeding with the "next parole hearing claim" in habeas involves the standard of review.  In habeas, the AEDPA unreasonable application of established Supreme Court authority standard would apply; in civil rights, the district court would apply *de novo* review.

constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2011

       /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE

GGH:009
wick2172.ofr