UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WICKLIFFE,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. 2:11-cv-2172 MCE DB P<br><br><br>ORDER |

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition filed August 16, 2011, petitioner challenged his October 29, 2009 parole denial. Petitioner argued that Marsy's Law[1] violates the Ex Post Facto Clause and that the decision of the California Board of Parole Hearings (BPH) violated his rights to due process. (See Pet., ECF No. 1 at 22-24.) On September 21, 2011, the court dismissed the petition. The court dismissed petitioner's due process claim based on Swarthout v. Cooke, 562 U.S. 216, 219-22 (2011), and dismissed petitioner's ex post facto claim on two grounds. First, the court found that petitioner failed to state a claim cognizable on habeas corpus. Second, the

---

[1] In 2008, Marsy's Law (Proposition 9) amended California Penal Code § 3041.5, among other things. The amendment increased the period between parole suitability hearings from one to three years.

1

1  court noted that petitioner was a class member in the Gilman v. Brown[2] class action which
2  involved the same issues and therefore he could not maintain a separate, individual suit for
3  equitable relief.  (ECF Nos. 6 at 3-5; 7.)
4       Petitioner appealed the ruling.  The Ninth Circuit Court of Appeals granted a certificate of
5  appealability only as to petitioner's first claim alleging ex post facto violations.  During the
6  pendency of the appeal, the Ninth Circuit decided that the claims presented in Gilman challenging
7  the increase in length of time before subsequent parole suitability hearings did not violate the Ex
8  Post Facto Clause.  Gilman v. Brown, 814 F.3d 1007, 1021 (9th Cir. 2016).
9       On August 26, 2016, the Ninth Circuit vacated this court's ruling and remanded the matter
10 to this court for further proceedings.  (ECF No. 17.)  The Ninth Circuit ruled that in light of
11 Nettles v. Grounds, No. 12-16935, 2016 WL 4072465 (9th Cir. July 26, 2016), the court lacked
12 jurisdiction to rule on petitioner's ex post facto claim in a habeas proceeding and directed the
13 court on remand to provide petitioner leave to amend to assert his claim in a civil rights action
14 under 42 U.S.C. § 1983.  (ECF No. 17 at 4.)  The Ninth Circuit warned, however, that should
15 petitioner choose to seek section 1983 relief, the court should first address the impact of Gilman
16 on petitioner's claims.  On October 3, 2016, 2016, the Ninth Circuit issued its mandate pursuant
17 to Rule 41(a) of the Federal Rules of Appellate Procedure.  (ECF No. 19.)
18      In an appropriate case a habeas petition may be construed as a section 1983 complaint.
19 Nettles, 2016 WL 4072465, *10.  However, the court notes that there are several significant
20 differences in proceeding in habeas corpus compared to a civil rights action.  For instance, the
21 filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee
22 is forgiven.  For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation
23 Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way
24 of deductions from income to the prisoner's trust account.  See 28 U.S.C. 1915(b)(1).  A prisoner
25 who might be willing to file a habeas petition for which he or she would not have to pay a filing
26 fee might feel otherwise about a civil rights complaint for which the fee would be deducted from

---

[2] The court previously identified this case as Gilman v. Fisher.  However, it has more recently been titled Gilman v. Brown and that is how it is identified herein.

1    income to his or her account.  Also, a civil rights complaint which is dismissed as malicious,
2    frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g),
3    which is not true for habeas cases.  Based on these differences between habeas and civil rights
4    cases, rather than construe the petition as a civil rights action, the court will give petitioner an
5    opportunity to amend to assert a claim under 42 U.S.C. § 1983 if he chooses.
6           Accordingly, IT IS HEREBY ORDERED as follows:
7       1. The petition is dismissed without prejudice.  Petitioner may amend his pleading and
8          present his ex post fact claim in a civil rights complaint pursuant to 42 U.S.C. § 1983,
9          rather than a habeas petition.  The Clerk of Court shall send petitioner a blank civil
10         rights complaint form along with a copy of this order.
11      2. Should petitioner choose to amend and present this claim in a civil rights action, he
12         must file a civil rights complaint within thirty days of the filed date of this order.  In
13         addition, in the civil rights complaint, petitioner must do the following:
14             a.   Show cause why the civil rights complaint should not be subject to dismissal
15                  because petitioner is a member of the plaintiff class in Gilman v. Brown, 814
16                  F.3d 1007 (9th Cir. 2016), which is comprised of "all California State prisoners
17                  who have been sentenced to a life term with the possibility of parole for an
18                  offense that occurred before November 4, 2008." See Gilman v. Brown, 110
19                  F. Supp. 3d 989, 990 (E.D. Cal. 2014), rev'd, 814 F.3d 1007 (9th Cir. 2016).
20                  Members of the Gilman class "may not maintain a separate, individual suit for
21                  equitable relief involving the same subject matter of the class action." See
22                  Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v.
23                  Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d
24                  1101, 1103 (5th Cir. 1988) (en banc).  Furthermore, the Ninth Circuit in
25                  Gilman held that the increase in length of time before subsequent parole
26                  suitability hearings did not violate the Ex Post Facto Clause. Gilman v.
27                  Brown, 814 F.3d 1007, 1021 (9th Cir. 2016).
28   ////

    b.  Make the complaint a stand-alone pleading.  The court cannot refer to petitioner's dismissed habeas petition in order to make the complaint complete.  Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading.

3. If petitioner chooses not to amend to assert his ex post facto claim under 42 U.S.C. § 1983, he should file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1).  Petitioner's failure to file a complaint or otherwise respond to this order will result in a recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Dated:  October 11, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/Wick2172.am