1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC WICKLIFFE,                            No.  2:11-cv-2172 MCE DB P

12                  Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   GARY SWARTHOUT, et al.,

15                  Respondents.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   under 28 U.S.C. § 2254.  On October 11, 2016, the court dismissed the petition and gave

19   petitioner thirty days to present his claim in a civil rights action.[1]  Petitioner was warned that his

20   failure to file a civil rights action or otherwise respond to the court's order would "result in a

21   ////

22
       _____
23     [1] The court also informed petitioner that if he intended to proceed with a civil rights action, he
       would have to "[s]how cause why the civil rights complaint should not be subject to dismissal
24     because petitioner is a member of the plaintiff class in Gilman v. Brown, 814 F.3d 1007 (9th Cir.
       2016)."  The court noted that there were two bases for dismissal.  First, "[m]embers of the Gilman
25     class 'may not maintain a separate, individual suit for equitable relief involving the same subject
       matter of the class action.'  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also
26     McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103
       (5th Cir. 1988) (en banc)."  Second, "the Ninth Circuit in Gilman held that the increase in length of
27     time before subsequent parole suitability hearings did not violate the Ex Post Facto Clause.  Gilman v.
       Brown, 814 F.3d 1007, 1021 (9th Cir. 2016)."  (ECF No. 20 at 3.)
28

                                                    1

recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110."  Petitioner has not responded in any way to the court's October 11 order.

Pursuant to Rule 41(b), the district court may dismiss an action "for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also E.D. Cal. R. 110.   Petitioner was advised in the October 11 order that his failure to respond to the court's order would result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 14, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/wick2172.fr

2